IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT § | | |
| OF UNITY MARINE CORPORATION, § | | |
| INC. AS OWNER OF THE M/V CARSON § | | CASE NO. H-01-3320 |
| FOR EXONERATION FROM OR § | | In Admiralty 9(h) |
| LIMITATION OF LIABILITY § | | |

## OPINION AND ORDER

The court has now considered the testimony and evidence that has been presented in this case and is prepared to render its findings of fact and conclusions of law disposing of this matter.

## I. FINDINGS OF FACT

1. The M/V CARSON is a 50 gross registered ton inland tow boat with a length of 47.3 feet and a breath of 21.0 feet. At all times relevant to this case, the M/V Carson was pushing the barge NMS 1486, an inland barge of 914 gross registered tons with a length of 195 feet and a breadth of 35 feet.

2. The M/V CARSON was operated by Unity Marine Corporation, Inc. ("Unity").

3. The M/T NEW AMITY is a 56,311 gross registered ton crude oil tanker with a length of 790.67 feet and a breadth of 137.83 feet and, at the relevant time, had a draft of 38.08 feet.

4. The M/T NEW AMITY is owned and operated by New Amity Shipping, Inc. and Associated Maritime Company (Hong Kong) Limited (collectively "New Amity").

5. On 22 September 2001, the M/V CARSON was pushing Barge NMS 1486 northbound in the Houston Ship Channel ("HSC"). Captain Ronald Coleman was in command.

6. The M/T NEW AMITY, carrying a cargo of crude oil, was also proceeding northbound in the HSC.  The M/T NEW AMITY was commanded by Captain An Loy Wong.  Pilots

Leonard Glass and Mike Pizzitola were on board. Pilot Pizzitola was at the helm.

7. The M/T NEW AMITY overtook the M/V CARSON and her tow on the port side near Buoy 91.

8. The M/T NEW AMITY, as the burdened or "overtaking vessel," failed to make a passing arrangement with the M/V CARSON.

9. Due to its speed, draft and proximity to the M/V CARSON, the M/T NEW AMITY sucked the M/V CARSON into the port side of the M/T NEW AMITY causing the M/T NEW AMITY to collide with the M/V CARSON's tow, Barge NMS 1486.

10. The testimony of Pilot Glass, Pilot Pizzitola and Captain Wong that the M/V CARSON turned suddenly to port causing the collision is against the weight of the evidence and not credible.

11. The collision occurred at approximately 2:35 p.m. resulting in approximately 50,000 gallons of intermediate fuel oil being spilled into the HSC.

12. Both the M/V CARSON and the Barge NMS 1486 were fully seaworthy and fit for their intended purpose. The M/V CARSON was appropriately manned with a competent crew as required.

13. The M/V CARSON and its tow complied with all Inland Navigational Rules and applicable maritime custom.

14. The M/T NEW AMITY and its crew violated Inland Navigational Rules 6, 9 and 13, which directly resulted in a collision between the vessels.

## II. CONCLUSIONS OF LAW

1. This is an admiralty/maritime claim within the meaning of Rule 9(h) of the Supplemental

       Rules in Admiralty.

2.    In addition to admiralty jurisdiction this Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3.    In a limitation proceeding, the claimants proceed with their case first and carry the initial burden of proving that some fault on the part of the vessel as to which exoneration or limitation is sought was a proximate cause of the casualty. If claimants fail to carry their burden of proof, the plaintiff is entitled to a decree of exoneration from liability. Thus, in order to determine whether plaintiff is to be exonerated, the Court must make detailed factual findings with respect to all acts of fault or negligence by any party which are alleged to have caused or contributed to the loss. Only if claimants are able to sustain their burden of proving that some fault on the part of the vessel as to which exoneration or limitation is sought with a proximate cause of the loss, does the burden then shift to the plaintiff to show that there was no neglect, privy, design or knowledge on the part of the vessel owner in order to limit the owner's liability to the value of the vessel. *See Petition of M/V Sunshine II*, 808 F.2d 762, 764 (11th Cir. 1987); *Banker's Trust co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 948 (3d Cir. 1985); *In re Matter of the Complaint of Hercules Carriers, Inc.*, 768 F.2d 1558 (11th Cir. 1985); *Farrell Lines, Inc. v. Jones*, 530 F.2d 7 (5th Cir. 1976).

4.    When a vessel involved in a maritime collision is shown to have violated the Rules of the Road or some other statute or regulation relating to the navigation of vessels, a presumption of causation arises against the vessel under the Pennsylvania Rule. *See The Pennsylvania*, 86 U.S. (19 Wall.) 125, 135, 22 L.Ed. 148 (1873); *Penrod Drilling Co. v.*

*Inland Oil & Transport Co.*, 561 F.Supp. 810 (E.D. La. 1983); *Hogge v. S.S. Yorkmar*, 434 F. Supp. 715 (D. Md. 1977).

5. As the overtaking vessel, the M/T NEW AMITY had the mandatory duty under Inland Navigational Rule 13 to keep out of the way of the M/V CARSON.

6. The M/T NEW AMITY violated Inland Navigation Rule 13 by failing to keep out of the way of the M/V CARSON.

7. As the HSC is a narrow channel, the M/T NEW AMITY, under Rule 9 of the Inland Navigational Rules, had the mandatory duty to make a passing agreement with the M/V CARSON.

8. The M/T NEW AMITY failed to make a passing agreement with the M/V CARSON.

9. Under Rule 6 of the Inland Navigational Rules, the M/T NEW AMITY had the mandatory duty to proceed at a safe speed under the prevailing circumstances and conditions so that she could take proper and effective action to avoid collision.

10. The M/T NEW AMITY was traveling at an excessive speed under the prevailing circumstances and conditions, which speed caused the M/V CARSON to be sucked into the side of the M/T NEW AMITY causing the collision and resultant oil spill.

11. The court finds that actions and/or omissions of the M/V CARSON, its crew, and/or Unity were not a contributory or proximate cause of the injuries to New Amity.

12. The court further finds the actions and/or omissions of the M/T NEW AMITY, its crew, and/or New Amity were the sole cause of its damages.

13. Any Findings of Fact which are considered to be Conclusions of Law are hereby adopted as Conclusions of Law and any Conclusions of Law which are determined to be Findings

of Fact are hereby adopted as Findings of Fact.

## III. CONCLUSION

The Court apportions 100% of the fault for the collision between the M/V CARSON and the M/T NEW AMITY to the M/T NEW AMITY.

Accordingly, Unity Marine is entitled to a decree of exoneration from fault. It is therefore **ORDERED** that Unity Marine is **EXONERATED** from all fault relative to the accident of 22 September 2001.

SIGNED at Houston, Texas, this 2nd day of May, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE